UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20480-CR-MORENO/GARBER

UNITED STATES OF AMERICA,

v.

NATHAN COVIN,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from Chief United States District Judge Federico A. Moreno. Pursuant to such reference, the Court has received the defendant Nathan Covin's Motion for Sentence Modification Pursuant to 18 U.S.C. § 3582(c) [DE 41], and the government's response agreeing that the defendant's guidelines applicable to his case have been lowered from a 12-18 month range to a 6-12 month range. The defendant is represented by Sowmya Bharathi Assistant Federal Public Defender; the government is represented by Assistant United States Attorney Jon M. Juenger.

## DISCUSSION

The defendant, at his sentencing pursuant to then effective Sentencing Guidelines, was determined to have a guideline range of 12-18 months imprisonment. The Court sentenced him to 12 months imprisonment as to Count 1, and 5 years as to Count 3, to be served consecutively to Count 1. The Motion before the Court only pertains to the sentence imposed in Count 1.

Subsequently, on August 3, 2011, the Fair Sentencing Act was signed into law by President Obama, which reduced the 100-1 powder to crack ratio to 18-1. Emergency Amendments were adopted by the Sentencing Commission and took effect on November 1, 2010.

On April 6, 2011, the Sentencing Commission adopted a permanent amendment that implemented the requirements of the Fair Sentencing Act, also permitting such amendments to be applied retroactively, and establishing November 1, 2011 as the effective date of retroactivity.

As a result of such amendments by the Sentencing Commission, the defendant's revised guideline range was determined to be 6-12 months. The defendant, in his Motion, seeks a sentence of 6 months, the low end of the guidelines.

The government argues that the defendant should be sentenced at the high end of his current guidelines, 12 months, since such sentence was previously imposed by the Court at his sentencing. The undersigned finds that it was apparently the intent of the Court, in imposing the original sentence, that the defendant should be sentenced at the lower end of the guidelines and imposed such sentence.

Notwithstanding any reduction that might be received by the defendant, he is still required to serve a consecutive sentence of five years as to Count 3.

## RECOMMENDATION

For reasons set forth above and based upon the Court's review of the record, and consideration of the submissions of the parties, the undersigned respectfully

RECOMMENDS that the defendant Nathan Covin's Motion for Sentence Modification, etc., in the Court's discretion, should be GRANTED and that his sentence be reduced to 6 months.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with Chief United States District Judge Federico A. Moreno. See 28 U.S.C. §636.  Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 14th day of December, 2011.

*Barry L. Garber*
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE